on behalf of Appellant Charles Rhines. May I reserve two minutes for rebuttal? The State of South Dakota plans to execute Mr. Rhines the week of November 4th. The State Prison will not allow Mr. Rhines to access his mental health experts. The District Court erred when it found it was without jurisdiction to issue an order allowing Mr. Rhines access to such experts. Under 3599, the District Court has the power to authorize a defendant's attorney to obtain expert services for that defendant for the purposes of capital clemency. To effectuate such an order, the District Court has the authority, under the All Writs Act, to order a State not to interfere with the communications between a client and his appointed expert. So the first issue that the District Court should have resolved was whether these expert services that were proffered, both Dr. Dudley and Dr. Martel, were reasonably necessary. Now the standard for reasonably necessary is not a high one, and we know that from my Estes v. Davis. Reasonably necessary for what? Reasonably necessary to obtain expert services on their behalf. For what purpose? For a State non-judicial proceeding? No, Your Honor. The purpose of 3599F is for indigent defendants to obtain expert services on behalf of some sort of proceeding, whether that be a habeas proceeding or a clemency proceeding. So the lower court, the District Court, had jurisdiction under 3599F to decide whether to authorize the defendant, Mr. Ryan's attorneys, to obtain such services. If the court so found that those experts were reasonably necessary, then it should have moved to step two, which is whether the All Writs Act was an appropriate vehicle to effectuate its order under 3599F. Now I don't think that this court has explicitly adopted a test for the All Writs Act, but other courts have, and this court seems to have implicitly adopted one, that same test in U.S. v. Gilday. And that test comes from both the text of the All Writs Act and the seminal case of New York Telephone Co. And what it is, is first, is the order under the All Writs Act, would it be... which is, would it be an aid of my jurisdiction, my underlying 3599 jurisdiction? That would be question number one. Question number two is, would it be necessary? Which means, is there any other federal statute allowing for such an order? Question three the District Court has to ask itself is, is it agreeable with usages and principles of law? Meaning, is there any federal statute telling me I can't do this? Here, there is none. And then the final two questions are, what is the burden on the party receiving that order and how closely related is that party to the ongoing litigation? Here, that party is the party opponent and the entity that seeks to execute Mr. Rines in the upcoming weeks. I don't understand the authority to take over the state proceeding. Where does that derive? Certainly not in 3599. And the All Writs Act is construed, and Henson would seem to preclude it or not authorize it. Your Honor, I think the authority, and I think what's instructive, is McFarland. In McFarland, the Supreme Court considered 3599's predecessor statute, 848Q. And they decided what the term appointment in 848, which is now in 3599. And what the Supreme Court held was that the term appoint, appoint counsel, meant more than just you get an attorney on your behalf. You didn't understand my point, or don't? Oh, no, I'm sorry, Your Honor. I was getting there. That the term appoint meant more than just getting counsel. It also meant that counsel would represent you. And based on that finding, the court said that the district court, because of its 3599 jurisdiction, which was 848Q at that time, was allowed under 2251 to issue an order to state courts telling those state courts, you cannot execute this defendant until the habeas proceedings are over. So that's where the district court here would get that jurisdiction under 3599. That has nothing to do with this. Not as I see it. This is an order. This is not an order to appoint. This is not an order to represent. This is an order to tell the state how to conduct a non-judicial state proceeding. And I see nothing. And Hanson says you can't. All Writs Act doesn't do that by itself, and there's nothing in 3599 that does it. So, Your Honor, I think the first order where we may be getting confused, I think the first order that I'm talking about is the order to allow the defendant's attorney to obtain expert services. That order. There is a provision under 3599. Sure. The district court didn't nullify that. After the district court makes that decision, it then could use the All Writs Act to order the state not to interfere with the experts that it so appointed. If a state was allowed to interfere with such experts, the district court's appointment power under 3599 would be completely frustrated, just as it would have been in McFarland if the state had executed the defendant before habeas proceedings had continued. What's the interference? The interference here is that the state prison is not allowing Mr. Reins... The interference is we're running, this is the way we run our clemency, interpret our, or are instructed by the governor to run our clemency program. So you want an affirmative federal order to countermand the way the state has shaped its clemency proceeding. That affirmative authority is nowhere to be found in 3599 as I read it. I don't think the state's clemency provisions actually work that way. The way the state clemency provisions work is that you can present any and all information to the governor. There's another provision that says once a capital defendant... Well, if the interference then is by the prison authorities, it's an interference in a state proceeding, which is out of the control and jurisdiction of the federal courts. The federal law 3599 can provide federal resources to an available state remedy, but it can't run the state remedy. I agree with you, Your Honor, that the federal court cannot run the state remedy. That's what they're doing. But it is not outside... It can't run the state prison either. No, but it is not outside of the federal purview. Woodard says there is some minimal due process to clemency for state defendants that federal courts have oversight of, and this court has adopted that reasoning in Young, in Nolvi Norris, in Levy Hutchinson, and others. There is some sort of federal oversight over these proceedings. And 3599 itself says that a district court can authorize expert services for the purpose of clemency. Let's say we would agree with you. What happens with or for the person for whom counsel has not been appointed under 3599? Is that person in a worse position than someone who's had court-appointed counsel? No, I don't think so, Your Honor, because a person... They've got retained counsel, and so the court is not involved in the procurement of the services or the counsel. And so, therefore, 3599 and the All Writs Act would not come into play. Right. So I don't think so, Your Honor. And I know the 3599 has that 848Q had that indigency provision, the exact same indigency provision at the beginning when McFarland interpreted 848Q. And McFarland said, when an indigent defendant comes and requests counsel, the district court can immediately issue a stay under 2251. And it can do that not only for indigent defendants... You mean 1651 or someplace else? No, I'm sorry, Your Honor. Under 28 U.S.C. 2251, under the federal habeas statute. Oh, the habeas. Yeah, there's a pending federal judicial proceeding. Of course, that's what the All Writs Act contemplates use. Right. So in McFarland, the Supreme Court said it didn't matter if you were indigent or not. Once you come to court and either say, I need counsel or file something entering your appearance, that district court can now issue a stay, issue an order staying that execution until your habeas proceedings are done. And the same would be true here. Whether you need counsel, whether you need that authorization, you can still go to the district court and say, may I have an order to authorize me to obtain expert services on my behalf? If the court finds that those expert services are reasonably necessary, then it can issue that underlying order if it is being frustrated. And back to your question, Judge Logan, the reason that the All Writs Act is necessary here is because we're no longer in habeas proceedings. So there is no other statutory provision that allows a district court to do so. There's no jurisdiction that needs aid. No federal jurisdiction. Well, the underlying jurisdiction here is... The 3599 authority to appoint and fund has not been frustrated. So under 3599, McFarland has said the term appointment means more than just you get an attorney. McFarland says it means you get an attorney who will actually represent you. That's what McFarland says. That hasn't been frustrated. No, it has not. But then there's a provision, 3599F, which says not only do you get an attorney, but you also get that attorney to obtain expert services on your behalf. That provision has been frustrated. No. That's been frustrated by the prison and the state saying your experts can't do work on your client's behalf. So when... But the state clemency proceeding doesn't require access to experts, does it? No, it does not, Your Honor. What the state clemency proceeding says is that the governor can consider any and all evidence that the defendant wishes to present. Here, because the state has cut off access from Mr. Rines to his experts, Mr. Rines is now excluded from presenting a whole category of evidence to the governor to make her decision. So it does not say you can present category A, category B, but it doesn't prohibit anything either. It says bring whatever you can to the governor and she won't consider anything. It doesn't prohibit it. Categorically prohibit it. I mean, if there were older expert reports, psychological reports, that sort of thing, that could all be submitted. Yes, it could, Your Honor. That's right. But here, Mr. Rines has never received a neuropsychological evaluation. So that can't be submitted because nobody has ever tested Mr. Rines for brain damage. Mr. Rines has never received a psychiatric evaluation with the benefit of a social history. So a psychiatrist... So the governor can give that some weight or not? If he finds that probative to his inquiry, then he can do something about it. That's right, Your Honor. But what the governor cannot do is tell the prison, you have to allow Mr. Rines access to his expert. How do we know that? Well, there's no statutory authority for that. So there is no authority for your bald assertion that the governor cannot get this done if he thinks it's relevant to his responsibilities? I see I'm in my... The clock is yelling that I'm in my rebuttal time, but if I could just answer your question. There is a statutory authority which says the only experts that can be seen by a capitally convicted defendant are a list of certain experts. I don't think the state legislature controls the governor's exercise of his clemency authority. That can be wrong, but that's a question for the state officials to thrash out. Right, but the South Dakota statute 23A-27A-31... That has nothing to do with this. You're so far afield of 3599 and 1651 in this whole argument that I have trouble following it. Thank you, Your Honor. Mr. Swedlund. May it please the court and counsel, I would like to spend no more than two minutes addressing the all writs argument that Rines raises in his reply brief and then no more than two minutes refuting Rines's demand for a McFarland stay. The all writs act was first raised on appeal in the reply brief? I'm sorry, Your Honor? First raised in a reply brief on appeal? Judge Schreier never heard the words all writs act? No, no, Mr. Rines in his reply brief says that we didn't address it in our brief, and I believe we did, so I just kind of wanted to cover that real quick and then allocate really the remainder of my time to taking the court's questions and hopefully answering them. With respect to the all writs act, Bays v. Parker is cited in the appellee's brief, and that case soundly refutes Mr. Rines's claim to all writs act relief. But if there's any doubt, I would point the court to Pennsylvania Bureau of Corrections. You just said a name so fast I couldn't possibly find it in your table of authorities. Bays v. Parker. There's two Bays cases, so this is the Parker case. I would also cite the court to Pennsylvania Bureau of Corrections v. U.S. Marshals Service, which is 474 U.S. 34, which stated, quote, where a statute specifically addresses the particular issue at hand, it is that authority and not the all writs act that is controlling. Did you cite something that we need a 28-J letter for? Possibly. It's not in the briefing, so if I need to write a letter, I can do that. Yeah, every time you cite something, an argument that isn't in your briefs, it would be a very nice help to the court to provide a letter as our rule 28-J provides and indeed instructs. Okay, I will do that when I get back to the office. In Pennsylvania Bureau, the Supreme Court said that the all writs act does not authorize courts to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient, end quote. Clinton v. Goldsmith, another case I'll include in the letter to the court, 526 U.S. 529, that case held that the all writs act is not an independent grant of jurisdiction. It does not enlarge a federal court's jurisdiction beyond that. Hanson says that. Okay, and this court's decision also in that a prisoner could not circumvent restrictions on the filing of a successive habeas petition by petitioning for all writs act relief. So together here, Congress has enacted a specific statute, 3599F, delineating the powers of federal courts to aid appointed counsel. Well, if this was truly in aid of the district court's 3599 jurisdiction, the use of the all writs act would be sound. You're just giving me general authorities about the limits of all writs act. I'm sure they say it has to be tied to another existing or imminent exercise of federal judicial jurisdiction. Exactly. This case started out as a habeas corpus case. Mr. Rines exhausted his habeas corpus. He had the assistance of counsel in doing that. He actually applied for expert access during the pendency of that habeas corpus case. He was denied that. So the habeas is done. And so your honor is correct. There really is no basis for the appointment of counsel in a clemency proceeding. That's your argument, which you haven't yet made. There is nothing in 3599 that provides any jurisdiction that would be aided by this particular use of 1651. I expected that would be what you would argue, but I haven't heard it yet. That is what I argue, your honor, because the habeas is exhausted. There is no further jurisdiction here. And so there's no jurisdiction to come to aid. The federal court has been granted jurisdiction to appoint lawyers to represent and experts to assist in the representation in clemency proceedings. Why doesn't that provide jurisdiction to do what they want to do today? It's the distinction you noted earlier, your honor, which is these experts can be appointed and they can aid Mr. Rines. And I think they have been appointed and they can aid him. But that doesn't extend further jurisdiction to ordering the state penitentiary to open its doors. That's not within 3599's jurisdiction. It doesn't reach that far. As I understand the description of state law, it's that the prison officials won't do it without a court order and the state court refused to do it. Why can't the federal court do it? Because there's no jurisdiction to do that, your honor. If there was a habeas pending, there would be. But there isn't. Congress has inserted the federal court to some extent in the clemency proceedings. Why isn't that enough? It doesn't have jurisdiction over his clemency proceedings.  In what case are you relying on for this Chinese wall, if I can call it that, that the federal court can assist but it can't participate? This court's decision in Noel for one, Bays v. Parker, and a number of other cases cited in our brief that says 3599's jurisdiction extends to the appointment of state agencies to facilitate that expert's work. What about the distinction that the prior case involved an attempt to get an order to interview? Their distinction is this is only to meet with his own experts. The prior case, maybe Bays, involved the seeking of an order to interview or to go beyond that. This court's case in Noel is very on point because in that case, that inmate was asking for a brain scan, and this court found that jurisdiction under 3599 and under the representation of counsel and experts does not extend to requiring state institutions to facilitate that kind of work. Would the state prevent someone like Rines and his position from meeting with an investigator, his counsel's investigator? Is that part of the attorney team that would be allowed in? I believe that under the statute, somebody who's directly employed by the attorney, such as an investigator, is allowed into the penitentiary. But there's a whole different protocol. You're talking about the state statute now? I believe that's correct under the state statute, yes, Your Honor. But what if it didn't, though? Well, then there'd be a problem, probably, with whether counsel was able to conduct their work or not. But that's not what we have here. And why wouldn't that include an expert that's only meeting with the client? So it's an expert trying to provide legal services with the lawyer to the client. And Your Honor is absolutely correct. In the context of a habeas corpus proceeding, Mr. Rines has a right to have experts visit him. He, in fact, did have experts visit him in his state habeas corpus proceeding, Dr. Ertz. But we're outside of habeas corpus. That window has closed for when he's allowed to claim any due process right to have experts come and see him. If I understand it correctly, the Board of Parole can order an examination of an inmate on death row, correct? Well, the inmate can make a claim that he or she is incompetent. But can't the board do anything to investigate that or request an examination? I'm not aware of any authority of the boards to do that. Does anyone have the authority, independent of a competency evaluation, who has the authority, if anyone, to get an examination of an inmate on death row in South Dakota? Well, at this stage of the proceedings, Mr. Rines can claim incompetency. But other than that, there is none. So as far as you know, there's no procedure for the governor to get an examination or the Board of Parole? Mr. Rines can raise that issue. He can raise that issue. He can raise it in his clemency proceeding. What do you mean by raise? I'm talking about an examination of him currently. Yes. Under state law, he can ask that his competency be examined. And that's a broad category in terms of not just competency to stand trial, but competency to be executed. Does he know the crime that he was convicted of? I'm sorry to interrupt, but I'm talking about the clemency procedure, and maybe I didn't make my question clear. Not the competency to be executed, but the clemency procedure. I'm just asking, is there any procedure for anyone to get this kind of an examination? They can go to court, as they attempted to do, and the court refused it, because Rines has been evaluated six ways to Sunday already. And so there is that remedy where they can ask the court for permission to enter the gates of the prison, and the court looked at Mr. Rines' request and said, no. You're being too lawyer-like. On both sides, you're ignoring the nature of the clemency process. If Rines, represented by his attorney, say, I have to have this for you to understand why I deserve clemency, the court governor thought that was a good position. He tells the prison people, do that, or I'll simply grant clemency. And now what are they going to do? But what Your Honor is talking about really is a matter of discretion, not a matter of due process. That's the whole process. But that's discretionary. It's not a due process right. No, no, but it's a remedy. It's an effect. It's the only remedy at the clemency stage. Unless the legislature... Certainly the governor has broad powers, and if she wants to grant clemency, she can. She has reviewed the prior clemency proceeding and has stated publicly that she believes that the... If it hasn't already been gathered. Mr. Rines is allowed to present whatever evidence he can present, and in this case he can't present the evidence he wants, because it would entail access that's not allowed under state law. Other than that, he can provide, and you look at Woodard. Woodard talks about how whatever minimal due process right might exist under that case, it doesn't extend to the procurement of evidence or the presentation of evidence. So even if Woodard does create some kind of minimal due process, Justice O'Connor said it doesn't go that far. It goes only as far as is the state thwarting his ability to petition for clemency, and clearly the state's not doing that here. It's simply saying you don't get to present every item of evidence you'd like to present. With regard to the McFarland stay, McFarland is inapposite because Rines has been afforded his McFarland stay already. He was represented by counsel in federal habeas corpus proceedings. He had the assistance of counsel. He had his execution stayed during that period. He's already exhausted his McFarland stay. And if anything, McFarland counsels against a stay because it states that a court must have subject matter jurisdiction as a predicate to a stay. And since 3599F does not authorize orders to compel expert access for clemency purposes, it does not afford subject matter jurisdiction to enter a stay. In conclusion, I'd just like to observe that because of his violent criminal history, Rines would have been sentenced to life in prison just for the burglary and for the nonfatal wound stabbing Donovan in the stomach. Rines' capital sentence is his punishment for murdering Donovan Schaefer. But so far, all he has served is life in prison. In other words, he's not yet been punished for murdering Donovan Schaefer. He's serving the same sentence he would otherwise serve. So we would ask the court to consider that when considering whether to grant a stay in this case. We do not believe a stay is warranted under McFarland. And unless and until Mr. Rines serves his capital sentence, he is essentially getting away with murder. If the court has no further questions, thank you, Your Honors. Thank you, Your Honors. Just a few points. In our motion for expert access in the district court, we did raise the All Writs Act, and that's at AB 92. Point two is we are not looking for a McFarland stay. McFarland, we are only arguing, is relevant to our 3599 and All Writs Act argument. Point three, opposing counsel cited Knoll as a reason for you to deny our 3599 and All Writs argument. Knoll only considered a due process argument. 3599 was not presented in Knoll, and this court has never decided whether 3599 and the All Writs Act apply in the situation that we're talking about here. Finally, Judge Kelly, you asked a question about investigators and paralegals. If they are allowed in, they are allowed in, and our experts that we retain, or our experts, or our investigators that work under the umbrella of our office, it is no different. They are both agents of us and also agents of Mr. Rines. If Your Honors have no further questions, I thank you all for your time. Thank you, counsel. Case has been well briefed and argued. We appreciate you coming on rather late on a Thursday afternoon in order that we can get this submitted, and we will take it under advisement.